## BRUSIE v. PECK BROS. & CO.

*(Supreme Court, General Term, Second Department.   December 14, 1891.)*

1. APPEAL—HARMLESS ERROR—REMARKS OF COUNSEL.
   Plaintiff's counsel, in opening his case to the jury, remarked that "after the lapse of 14 years the defendant made an offer of judgment," to which remark defendant excepted. *Held* that, while the remark was improper, and counsel for plaintiff had no right to prove the offer, it was not an error which would justify the reversal of a judgment for plaintiff.

2. PLEADING—VARIANCE—EQUITABLE RELIEF.
   In an action for violation of a contract to pay royalties for the use of a patent the complaint sought equitable as well as legal relief, but the evidence offered showed grounds for legal relief only. *Held* no variance, the cause having been sent to the circuit for trial by jury.

3. ACTION ON CONTRACT—FAILURE TO PAY ROYALTIES—MEASURE OF DAMAGES.
   In such case, failure to pay the royalties stipulated for in the agreement was a breach thereof, and the amount of the royalties remaining unpaid was the measure and extent of plaintiff's damages.

4. PATENTS—ACTION FOR ROYALTIES—INVALIDITY OF PATENT.
   Where a manufacturer agrees to pay a royalty on each machine manufactured and sold by him under a license from a patentee, he will be bound by his agreement, though the patent be invalid.

Appeal from circuit court, Kings county.

Action by Russell Brusie against Peck Bros. & Co. to recover royalties agreed to be paid for use of plaintiff's patent. The agreement between the parties sets out that plaintiff is the owner of certain letters patent for the manufacture of lawn sprinklers, and that defendant will make and sell the same, and pay plaintiff a certain sum for each sprinkler sold. From a judgment for plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

*Wolff & Hodge,* (*Robert Sewell,* of counsel,) for appellant. *Horace Graves,* for respondent.

DYKMAN, J.   The plaintiff in this action held letters patent for a portable lawn sprinkler, and on the 18th day of August, 1873, he entered into a written contract with the defendant, a foreign corporation, by which it acquired the right to manufacture and sell lawn sprinklers under the patent of the plaintiff, and it agreed to pay him a royalty of $2 for the sprinklers known as "No. 1," and $2.50 for the sprinklers known as "No. 2," made and sold by it.   As the complaint demanded both legal and equitable relief, the cause was noticed for trial at the special term, but when it was called the counsel for the defendant demanded a trial before a jury, and the cause was thereupon sent to the circuit for trial.   Upon the trial at the circuit no claim was made for any equitable relief, and the plaintiff sought only to recover the amount due him for royalties under the written agreement with the defendant.   A verdict was rendered in favor of the plaintiff at the circuit, and the defendant has appealed from the judgment and from the order denying a motion for a new trial on the minutes of the court.

In opening the case to the jury the counsel for the plaintiff said: "After the lapse of fourteen years the defendant made an offer of judgment."   The remark was excepted to by the counsel for the defendant, who now assigns the same for error.   While the remark was improper, and the counsel for the plaintiff had no right to prove the offer, yet it was not an error which would justify the reversal of the judgment.   It is also the claim of the appellant that there is a fatal variance between the pleading and the proof, but it must be remembered that the complaint was originally drawn for the procurement of equitable as well as legal relief, and, when the cause was sent to the circuit at the defendant's request, nothing could be recovered but the damages

resulting to the plaintiff from a breach of the agreement on the part of the defendant; and certainly, in a broad sense, the failure to pay the royalties stipulated in the agreement was a breach thereof, and the amount of such royalties remaining unpaid was the measure and extent of the plaintiff's damages. The agreement was set out in the complaint, and there is an allegation that the defendant has received sums of money for lawn sprinklers sold by it, for which the defendant has become liable to pay the plaintiff large sums of money. It is true, the complaint might have contained an allegation more appropriate, but, if it was not sufficiently definite and certain, the remedy of the defendant was to have it made so by an application to the court for that purpose. As it was, there was an answer, and the proof was admitted, and the case was properly submitted to the jury, and the complaint is sufficient to hold the verdict. We think, also, the cause was tried upon the proper theory of the law. The rights of the parties were fixed by and depended upon the written agreement, and the extent or validity of the patent was immaterial to the question to be determined. The defendant agreed to pay royalties for the sprinklers manufactured and sold under the agreement, and it was bound to do so whether the principle was new or old, or the patent valid or invalid. All the exceptions have been examined, and they present no error. The judgment and order denying the motion for a new trial should be affirmed, with costs.